Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1117 | **DATE** | 02/05/2001 |
| **CASE TITLE** | Norlito Empalmado vs. First Franklin Financial Corp. and Central Home Mortgage Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff's motion for reconsideration is denied. [Doc. # 26].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 07 2001 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Norlito Empalmado and Ora Sims, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 01 C 1117/ 01 C 0016 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| First Franklin Financial Corporation and ) | |
| Central Home Mortgage Corp., ) | |
| ) | |
| Defendants. ) | |

FEB 0 7 2002

## MEMORANDUM OPINION AND ORDER

In the related cases of Empalmado v. First Franklin Financial Corp., Case No. 01 C 1117 and Sims v. First Franklin Financial Corp., Case No. 01 C 1116, each plaintiff separately brought suit against First Franklin Financial Corporation ("First Franklin") and Central Home Mortgage Corp. ("Central Home") (collectively "defendants") for alleged violations of Section 8 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"). And in each case, the plaintiff sought to certify a class against the defendants. On September 27, 2001, this court issued separate, but essentially similar, opinions denying each plaintiff's motion for class certification. Before this court are the plaintiffs' separate motions to reconsider this court's earlier rulings denying certification of a class against the defendants. In the interest of efficiency and convenience, this court will discuss both motions to reconsider simultaneously. For the following reasons, both plaintiffs' motions to reconsider are denied.

**Standard for Reconsideration**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. International Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd. 736 F.2d 388 (7th Cir.1984). A court should entertain a motion of reconsideration under very limited circumstances: [w]here the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990), citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983).

**Discussion**

The plaintiffs argue that violations under Section 8(a) of RESPA do not require individualized analysis, and therefore do not preclude certification of a class. This court disagrees.

In its previous pinions, dated September 27, 2001, this court found that both legal precedent as well as legal reasoning mandated the application of HUD's Policy Statement which establishes a two-part test to determine if a lender's payment to a broker violates Section 8 of RESPA. The two part test employs the following analysis: 1) whether the goods or facilities were actually furnished for the compensation paid, and 2) whether the payments were reasonably related to the value of these goods or services actually performed. 64 Fed.Reg. 10084. (March 1, 1999).

In their motion to reconsider, the plaintiffs attempt to argue that the plain language of Section 8, as opposed to "policy statements," must control any determinations regarding how and in what way violations of Section 8 must be assessed. To support their argument that the plain language of Section 8 does not require individualized analyses, plaintiffs cite a decision by the Eleventh Circuit, Culpepper v. Irwin Mortgage, 253 F.3d 1324 (11th Cir. 2001) (Culpepper III), which holds that the first prong of the HUD analysis must be satisfied in order to reach the second prong. And more importantly, questions under the first prong may be resolved by looking at the terms of agreement between the lender and the broker. Id.

The plaintiffs' attempts to re-argue the applicable standard for determining violations under Section 8, however, are inappropriate under the current motions before this court. Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Keene, 561 F.Supp. at 665-66. In this case, the plaintiffs have presented neither manifest errors committed by this nor have they presented newly discovered evidence. Consequently, each plaintiff's motion for reconsideration is denied.

In the alternative, even if this court re-assesses its position, the conclusion is the same. The court's previous opinions are supported by HUD's 2001 policy statement, which "disagrees with the judicial interpretation regarding Section 8 of RESPA and the 1999 Statement of Policy" as set forth in Culpepper III. "RESPA's Statement of Policy 2001-1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers . . . ", 66 Fed. Reg. 53052 (Oct. 18, 2001) ("2001 Policy Statement"). The 2001 Policy Statement clarifies that HUD's position is "that neither Section 8(a) of RESPA nor the 1999 Statement of Policy supports the conclusion that a yield spread premium can be presumed to be a referral fee based solely upon the fact that the lender pays the broker a yield spread premium that is based upon a rate sheet, or

because the lender does not have specific knowledge of what services the broker has performed." Id. at 53055. The 2001 Policy Statement also states that HUD disagrees with the Eleventh Circuit's holding that liability "could be established under the first part of the HUD test alone." Id. at 53054.

The plaintiffs argue that HUD's new policy statement does not override the plain language of the statute and Seventh Circuit precedent. In this case, however, there is no Seventh Circuit case law adopting <u>Culpepper III</u>'s view of Sections 8(a) and (c) of RESPA. In fact, all the case law in this District, as cited in this court's previous pinions, including Judge Norgle's recent post-Culpepper III decision, <u>Williams v. Paycor Mortgage Corp.</u>, No. 01 C 255 (N.D. Ill. Sept. 18, 2001), adhere to HUD's 1999 and 2001 Policy Statements. Consequently, this court can find no reason to revise its denial of both plaintiffs' motions for class certification in lawsuits against First Financial and Central Home.

**Enter:**

_____

**David H. Coar**

**United States District Judge**

Dated:   FEB - 5 2002